O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RANGEL, an individual and FINANCIAL PLUS INVESTMENTS, INC., a California corporation on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, and ERIC HOLDER, in his official capacity as United States Attorney General,<br><br>    Defendants. | Case No. CV 10-00129 DDP (FMOx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Dkt. Nos. 32, 36] |

    Presently before the court is Defendants' Motion to Dismiss. Having reviewed the parties' submissions, the court grants the motion and adopts the following order.

**I. Background**

    This putative class action was originally filed by Plaintiffs Juan Rangel and Financial Plus Investments, Inc. Those plaintiffs were ultimately unable to serve as class representatives. Plaintiffs' counsel therefore filed a motion for leave to file a

second amended complaint substituting Plaintiff Nerelys Camacho ("Camacho") as representative plaintiff. (Dkt. No. 21.) Defendants opposed the motion, arguing that Camacho could not establish that venue was proper in this district. (Docket No. 23). Though the court granted leave to file the second amended complaint in the interest of justice, the court also explained that Defendants remained free to assert a venue challenge and all other defenses. (Dkt. No. 27.)

As alleged in the Second Amended Complaint ("SAC"), Camacho is a resident of San Diego County. (SAC ¶ 13.) In 2009, Drug Enforcement Agency agents seized a Porsche Cayenne automobile, then in Camacho's possession, from Camacho's home in Escondido, California.[1] (Id. ¶ 26; Declaration of Nerelys Camacho in Opposition to Motion to Dismiss ¶ 6.) Defendants thereafter released the car to the lienholder of the vehicle, without providing Camacho with any formal notice of the seizure.[2] (SAC ¶ 26.)

Camacho alleges that Defendants' practice of releasing seized vehicles to the lienholder, without notice to the person from whom a car is seized, violates the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983(a)(1). (SAC ¶¶ 5-7.) Defendants now move to dismiss the SAC for failure to state a claim and for improper venue. (Mot. at 9, 20.)

///

---

[1] San Diego County and the city of Escondido both lie in the Southern District of California.

[2] The lienholder appears to be located either in Palo Alto, California or in Colorado. (Declaration of Steven R. Welk in Support of Motion to Dismiss, Exhibit B; Opp. At 22:12.)

2

## II. Discussion

A defendant may seek dismissal of a claim for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Camacho alleges that venue is proper in this district pursuant to 28 U.S.C. § 1391. Section 1391 states that, generally, civil actions against federal defendants

> may be brought in any judicial district in which A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Here, the allegations of the SAC bear no connection whatsoever to the Central District of California. Defendants assert, and Plaintiff does not dispute, that Defendants are residents of the District of Columbia. (Mot. At 22.) None of the events giving rise to Plaintiff's complaint occurred in the Central District of California, nor is any of the property at issue located here. Venue does not lie in the Central District of California.

Implicitly conceding that venue is not proper, Plaintiff argues that this case should be transferred to the Southern District of California rather than dismissed. (Opp. at 23). Indeed, the court must transfer a case where the interests of justice so require. 28 U.S.C. 1406(a); <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 467 (1932) ("If by reason of the uncertainties of proper venue a mistake is made, . . . the interest of justice may require that the complaint not be dismissed . . . ." (internal quotation marks omitted). Plaintiff appears to contend that the interest of justice is implicated here solely because venue was

3

once proper in this district when Juan Rangel was the named plaintiff. (Opp. at 23.) The court is unpersuaded.[3] The selection of Camacho as a substitute lead plaintiff did not involve any particular uncertainties or intricacies, but rather straightforward facts that could not support venue in this district under any circumstances. Accordingly, Plaintiff's complaint must be dismissed. 28 U.S.C. 1406(a).

**III. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.[4]

IT IS SO ORDERED.

Dated: April 9, 2012

DEAN D. PREGERSON
United States District Judge

---

[3] Camacho also points out, correctly, that this court has broad discretion to grant motions to transfer venue. (Opp. at 8.) No such motion, however, is before the court. Furthermore, Camacho provides no explanation how considerations of fairness could possibly weigh in favor of a plaintiff who, after haling a defendant into court in one district, subsequently seeks to transfer a case to a different district without any justification.

[4] Having dismissed Plaintiff's complaint for improper venue, the court does not address Defendants' contentions regarding the viability of Plaintiff's claims.

4